UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TAMI GOUTY, | ) |
|     PLAINTIFF, | ) ) ) |
| v. | ) CASE NO.: 1:23-CV-525 |
| FONTANA FASTENERS, INC. | ) ) ) |
|     DEFENDANT. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Tami Gouty, by counsel, brings this action against Defendant Fontana Fasteners, Inc. for discrimination on the basis of sex, in violation of Title VII of the Civil Rights act of 1964, 42 U.S.C. § 2000e, and for retaliation for her complaint of discrimination. In support of her Complaint, Plaintiff shows as follows:

**PARTIES**

1. Gouty is an individual who resides in Tippecanoe County, Indiana.
2. At the times relevant to her claim, Gouty was employed by Fontana Fasteners.
3. Fontana Fasteners, Inc. is a Delaware corporation, with its principal place of business at 6125 18 Mile Road, Sterling Heights, Michigan.
4. Fontana Fasteners has a plant Frankfort, Clinton County, Indiana.
5. At the times relevant to Gouty's complaint, Fontana Fasteners has been her employer.

**JURISDICTION AND VENUE**

6. This Court properly has jurisdiction to hear Plaintiff's claims pursuant to 28 U.S.C. §1331 inasmuch as Plaintiff is asserting claims arising under federal law.

7. This Court is a proper venue for Plaintiff's claims pursuant to 28 U.S.C. §1391 inasmuch as Defendant may be found in this district, and a substantial portion of the events giving rise to Plaintiff's claims occurred in this district.

## TITLE VII COVERAGE

8. Fontana Fasteners is a covered employer within the meaning of 42 U.S.C. §2000e inasmuch as it is a corporation engaged in an industry affecting commerce with fifteen or more employees, as defined in 42 U.S.C. §2000e(b).

9. Gouty in a covered employee within the meaning of 42 U.S.C. §2000e(f), inasmuch as she was employed by Fontana Fasteners.

## FACTUAL ALLEGATIONS

10. Gouty began working for Fontana Fasteners on or around March 28, 2022.

11. When Gouty first began working for Fontana Fasteners she was assigned to the bolt-making unit at Fontana Fasteners' Frankfort, Indiana plant.

12. During her employment, Fontana Fasteners subjected Gouty to explicit sex-based bias and harassment.

13. This bias and harassment included both peers and supervisory employees telling Gouty that the bolt-making unit was "a job for men."

14. This bias and harassment included both peers and supervisory employees telling Gouty that women should not be working in the bolt-making unit.

15. These individuals exhibiting and carrying out the bias and harassment included Gouty's direct supervisor, Carl Pugh.

16. Gouty sought the assistance of management at the facility, including the human resources department.

17. Instead of taking the steps necessary to discipline, correct, and end the discriminatory and harassing behaviors toward Gouty, human resources displaced Gouty from the bolt-making department and involuntarily reassigned her to another area.

18. Gouty's forced displacement was intended to reduce Gouty's pay rate and hours worked.

19. The displacement substantially reduced Gouty's income.

20. Instead of addressing the discrimination and harassment, Fontana Fasteners moved Gouty to the plating department.

21. Gouty protested this behavior by Fontana Fasteners.

22. In response to Gouty's protest, Fontana Fasteners increased her hourly pay rate.

23. In response to Gouty's protest, Fontana Fasteners did not address her reduction in hours.

24. Gouty's involuntary transfer from the bolt-making department to the plating department also had the effect of eliminating shift premium pay that Gouty would have received if not for the transfer.

25. Since these events, Gouty's complaint to management and human resources, and her charge of discrimination, Gouty has been consistently exposed to jeering, mocking, and continued harassment by her co-workers.

26. Management and human resources have not addressed the continued harassment.

### COUNT I: DISCRIMINATION ON THE BASIS OF SEX

27. Fontana Fasteners has violated Title VII of the Civil Rights Act by discriminating against her because of her sex.

28. Fontana Fasteners has inflicted substantial harm on Gouty by discriminating against her and harassing her because of her sex.

29. But for her sex, Gouty would not have been negatively impacted by the hostile work environment created and / or allowed by Fontana Fasteners.

30. Fontana Fasteners' unlawful conduct has harmed and continues to harm Gouty.

## COUNT II: RETALIATION FOR PROTECTED ACTIVITY

31. Defendant has violated Title VII of the Civil Rights Act by retaliating against Gouty because of her opposition to and reports of discrimination, a hostile work environment because of sex, and harassment because of sex.

32. Defendants demoted Plaintiff at least in part because of her complaints, reports, and opposition to discrimination, a hostile work environment because of sex, and harassment because of sex.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands the following relief:

a. Damages attendant to her lost wages, benefits, and other perquisites of employment;

b. Damages attendant to the emotional and psychological harm inflicted upon her by Defendant's wrongful, unlawful, and egregious conduct;

c. Punitive damages;

d. The costs of this action;

e. Her attorney's fees;

f. Injunctive relief to restore her to her rightful position;

g. Injunctive relief restraining Defendant from engaging in further discrimination, harassment, and retaliation;

h. Such other relief as this Court determines to be necessary and appropriate.

/s/ Jason R. Ramsland
Jason Ramsland, #29443-29
Ramsland Law

880 Monon Green Blvd
Suite 101.51
Carmel, IN 46032
765.267.1240
jason@rams.land

Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.


/s/ Jason R. Ramsland